**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| PAUL DILLON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Cause Number: 3:21-CV-194-RGJ |
| | ) |
| REPUBLIC PARKING | ) |
| SYSTEM, LLC, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Paul Dillon ("Dillon" or "Plaintiff"), by Counsel, brings this action against Defendant, Republic Parking System, LLC ("Defendant" or "Reef"), alleging violations of Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2. Dillon is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action, resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICATION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and KRS 334.030(2).

6. Dillon was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and KRS 344.030(5).

7. Dillon has satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant retaliation for engaging in a protected activity.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. In or around November 2008, Dillon began working for Defendant as a Project Manager. In 2018, Dillon was promoted to Regional Director.

10. At all relevant times, Dillon met or exceeded Defendant's legitimate performance expectations.

11. In or around February 2019, Dillon reported to Laray Brown after Reef Technology was acquired by IMPARK.

12. In or around March 2019, Kevin Richards ("Richards"), a new local manager hired to oversee the Indiana Department of Administration ("IDOA"), attempted to manufacture a reason to terminate one of the African American employees working for him. This employee was set to take maternity leave.

13. Richards planned to eliminate her position and create a substitute position that she could apply for. The catch was that this substitute position was one that she would not qualify for. This justified terminating her employment when she went on leave.

14. Dillon openly opposed this plan as it violated the employee's rights and was effectively a scheme to discriminate against the employee. He engaged in a protected activity when he reported the plan to Human Resources, specifically, Brandon Grisoff in or around late March or Early April 2019.

15. However, Richards, along with Human Resources' assistance, proceeded with the plan and terminated the employee in or around June 2019.

16. After engaging in the protected activity, Dillon was removed from the IDOA account in or around March 2019. Additionally, he was removed from the Bluegrass Airport Account in or around April 2019.

17. In or around September 2019, Dillon was told to hand over his Ann Arbor and Ferndale Municipal Accounts to Matt Bernier ("Bernier"), Minneapolis Operations.

18. In or around October 2019, Brown demoted Dillon to Director of Strategic Accounts and set him on track for failure, and subsequently termination. Brown offered little to no guidance on what his position would entail.

19. In or around December 2019, Brown transferred over his Kansas City Operations to Bernier.

20. On or around January 21, 2020, Defendant terminated Dillon's employment, alleging that he could not get along with clients or employees. Dillon was given no prior warning of this alleged issue.

21. Defendant's stated reason for termination is pretext for retaliation for engaging in a protected activity.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII - RETALIATION

22. Dillon hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint.

23. Dillon engaged in a protected activity in or around March 2019 when he reported Brown's discriminatory plan to Human Resources.

24. Dillon's complaint is a protected activity in accordance with Title VII of the Civil Rights Act of 1964.

25. Dillon suffered an adverse employment action with the termination of his employment.

26. Defendant's actions are unlawful and in direct conflict with Dillon's rights as protected by Title VII of the Civil Rights Act.

27. Dillon has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: KCRA - RETALIATION

28. Dillon hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29. Dillon engaged in a protected activity in or around March 2019 when he reported Brown's discriminatory plan to Human Resources.

30. Dillon's complaint is a protected activity in accordance with the KCRA.

31. Dillon suffered an adverse employment action with the termination of his employment.

32. Defendant's actions are unlawful and in direct conflict with Dillon's rights as protected by the KCRA.

33. Dillon has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Paul Dillon, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, seniority, salary, and benefits he would have held but for Defendant's unlawful conduct, or pay front pay in lieu of reinstatement.

2. All wages, benefits, compensation, front pay, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Enjoin Defendant from discriminating and/or retaliating against anyone on the basis of their engagement in a protected activity;

4. Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for Defendant's violations of Title VII and the KCRA;

6. Award Plaintiff punitive damages for Defendant's violations of Title VII;

7. Award the Plaintiff his attorney's fees, litigation expenses, and costs incurred as a result of this action;

8. Award Plaintiff pre- and post-judgement interest on all sums recoverable; and

9. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Devan Dannelly*
Devan Dannelly
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561.3484
Facsimile: (812) 424.1005
Email: ddannelly@bdlegal.com
ad@bdlegal.com
*Counsel for Plaintiff, Paul Dillon*

## DEMAND FOR JURY TRIAL

Plaintiff, Paul Dillon, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Devan Dannelly*
Devan Dannelly
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561.3484
Facsimile: (812) 424.1005
Email: ddannelly@bdlegal.com
ad@bdlegal.com
*Counsel for Plaintiff, Paul Dillon*